UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRUCE F. CROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:08CV1057 HEA |
| | ) |
| FEDERAL RESERVE BANK OF ST. LOUIS, | ) |
| MARY KARR and ROY HENDIN, | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants Mary Karr and Roy Hendin's Motion to Dismiss Count II of Plaintiff's Amended Complaint, [Doc. No. 9]. Plaintiff opposes the motion and has filed a written opposition thereto, to which Defendants have filed a reply. For the reasons set forth below, the Motion is granted.

Plaintiff's First Amended Complaint is brought against Federal Reserve Bank of St. Louis, (Count I) and two of its employees, Karr and Hendin, (Count II) alleging retaliatory discharge and other retaliatory employment action. Count I alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Count II is brought against Karr and Hendin "individually" for alleged retaliation in violation of the Missouri Human Rights Act, R.S.Mo. § 213.010, *et*

*seq.* Defendant Federal Reserve Bank has filed an answer to Count I. Karr and Hendin now move to dismiss Count II arguing that such an action is preempted by the Federal Reserve Act.

## Facts and Background

Plaintiff First Amended Complaint alleges that he was employed with Defendant, Federal Reserve Bank of St. Louis from September 3, 2001, until his employment was terminated on October 22, 2007. Plaintiff was employed as a Senior Attorney. Plaintiff alleges that he performed his job satisfactorily during his employment.

The First Amended Complaint further alleges that since the Fall of 2005, Plaintiff had been complaining about sex discrimination against him by Defendant Karr. Furthermore, the First Amended Complaint claims that Defendant Hendin made repeated comments indicating his retaliatory animus toward Plaintiff.

Plaintiff filed a Charge of Discrimination with the EEOC on June 8, 2007 based on sex discrimination. Thereafter, his employment was terminated on October 22, 2007. Plaintiff claims his discharge was in retaliation for his complaints. He filed another charge with the EEOC and with the Missouri Commission on Human Rights on December 28, 2007 for unlawful retaliation.

## Discussion

Defendants Karr and Hendin move to dismiss Count II because they contend the Missouri Human Rights Act (MHRA) is preempted by federal statutes regulating the operation of the Federal Reserve Banks. Under the Federal Reserve Act, the Federal Reserve Bank is empowered "to dismiss at pleasure [its] officers or employees." 12 U.S.C. § 341 (Fifth). There is no dispute between the parties that an action under the MHRA cannot be maintained against the Federal Reserve Bank. Likewise, there is no dispute that an action may be maintained against individuals under the MHRA in certain circumstances. The dispute arises in this action by Plaintiff attempting to bring a cause of action against employees of the Federal Reserve Bank in their "individual" capacities.

Plaintiff argues that Count II is not in contravention with the Federal Reserve Act because it is brought against individuals employed by the Bank, and therefore, Section 341 (Fifth) is inapplicable. Defendants urge that Section 341 (Fifth) is broad enough to encompass actions brought against employees of the Bank. The Court agrees. To allow an action against the individuals as "employers" under the MHRA would, in essence, allow Plaintiff to circumvent Section 341 (Fifth)'s specific mandate that the Bank is entitled to dismiss "at pleasure" its officers or employees. But for the individuals acting on behalf of their employer, (*i.e.* the Bank), there would be no action against them under the MHRA. Such a position

runs contrary to the intent of the statute which prohibits applicability of any state law which adds additional remedies beyond those allowed by Federal Law.

> Federal Reserve Act § 341 (Fifth), as impliedly amended by [the discrimination statutes] and 12 U.S.C. § 1831j, preempts *any* state employment law that goes beyond the remedies and protections provided by those federal laws. Such "additional" provisions-including provision for unlimited punitive damages, *individual liability on the part of employees*, . . . -would conflict with Congress's intent to provide Federal Reserve Banks with the broadest latitude possible in carrying out their statutory duties, while giving due recognition to the applicability of the [discrimination statutes] and 12 U.S.C. § 1831j's requirements. In this sense, additional state remedies surely "stand[ ] as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *English,* 496 U.S. at 79, 110 S.Ct. 2270.
>
> Moreover, as we recently noted in *Surrick:*
>
> "If preemption only applied to state laws that directly contradict federal laws, federal laws could be effectively nullified by state laws prohibiting those acts that are incident to, but not specifically authorized by, federal law. Under such a regime, state officials would have a 'virtual power of review' over federal laws."
>
> *Surrick,* 449 F.3d at 532 (quoting *Sperry*, 373 U.S. at 385, 83 S.Ct. 1322). Thus, broad state employment laws cannot apply to the Federal Reserve Banks when those state laws "prohibit[ ] those acts that are incident to" Federal Reserve Banks dismissing "at pleasure" their employees, within the bounds of the ADA and 12 U.S.C. § 1831j.

*Fasano v. Federal Reserve Bank of New York*, 457 F.3d 274, 288 (3rd Cir. 2006).(footnote omitted)(Emphasis added). Plaintiff has provided the Court with no contrary authority, and this Court agrees with the reasoning articulated by the

*Fasano* Court. As such, the action brought against Karr and Hendin under the MHRA is preempted by 12 U.S.C. § 341 (Fifth).

## Conclusion

Based on the foregoing analysis, Plaintiff's Count II must be dismissed as preempted by Federal law. The Motion to Dismiss is therefore well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Karr and Hendin's Motion to Dismiss Count II of Plaintiff's First Amended Complaint is **GRANTED**.

**IT IS FURTHER ORDERED** that Count II is dismissed and Defendants Karr and Hendin are dismissed from this action.

Dated this 20th day of January, 2009.

_____
   HENRY EDWARD AUTREY
   UNITED STATES DISTRICT JUDGE